Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

F I L E D
Clerk
District Court

JUL 1 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 04-0009 |
| Plaintiff | ) MEMORANDUM SUPPORTING MOTION |
| | ) FOR JUDGMENT OF ACQUITTAL AND NEW |
| v. | ) TRIAL |
| PEDRO Q. BABAUTA | ) |
| | ) Date: August 12, 2005 |
| Defendant | ) |
| | ) Time: 8:30 a.m. |

## I.    BABAUTA IS ENTITLED TO AN ACQUITTAL ON COUNT FIVE

FRCrP Rule 29 provides for a motion for judgment of acquittal if the evidence is insufficient to sustain a conviction on one or more offenses charged in the indictment. *United States v. Young*, 2005 WL 1313448 at 1 - 4 (E.D.Wash. 2005). In evaluating the sufficiency of the evidence, the court views the evidence in the light most favorable to the prosecution and determines whether a reasonable fact finder could find the essential elements of the charged crime beyond a reasonable doubt. *Id.* Pursuant to this standard, mere suspicion or speculation cannot be the basis for the creation of logical inferences to substantiate conviction. *United States v. Thomas*, 453 F.2d 141, 143 (9th Cir. 1971). Likewise, the mere presence of relevant evidence is not enough to deny acquittal. See *Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. ct. 2781, 2789

(1979). The relevant evidence establishing each essential element of the crime must be more than a "mere modicum" *Id*, 443 U.S. at 320, 99 S. Ct. at 2789, it must be sufficient. *Id*, 443 U.S. at 316, 99 S. Ct. at 2787. Sufficient proof being evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the crime. *Id*. Thus, there must be substantial evidence establishing the existence of each essential element of the charged crime. *United States v. Bazuaye*, 240 F.3d 861, 863 (9th Cir. 2001)[On a challenge to the sufficiency of the evidence, the standard is whether there is substantial evidence to support the conviction.]. As stated in *United States v. Orrico*, 599 F.2d 113 (5th Cir. 1979):

> Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred.

599 F.2d at 117 quoting *United States v. Green*, 548 F.2d 1261, 1266 (6th Cir. 1977). The evidence in this case is insufficient to support a guilty verdict on count five of the indictment.

18 U.S.C.§ 1001 prohibits false reporting and concealment. *See United States v. Curran*, 20 F.3d 560, 566 (3d Cir.1994). These are two different statutory violations. *Id.* In this case, count five charged Babauta with false reporting in connection with the February, 2003 report prepared by the Commonwealth Utilities Corporation Water Division. The exhibits and testimony the prosecution relied upon in connection with the February, 2003 report reveals that the basis for the charge is not false reporting but the concealment of the February 27, 2003 test results. The report submitted by the Water Division contained the results of the February 28, 2003 tests but omitted the results of the February 27, 2003 tests. This circumstance is one of

concealment and not false reporting. See *Murphy, supra*; *United States v. Gibson*, 2005 WL 128004 at 4- 5 (6th Cir. 2005); *United States v. Curran*, 20 F.3d 560, 568 - 571 (3d Cir.1994). As such, this entitles Babauta to a judgment of acquittal on count five of the indictment as, at best, the evidence does not prove false reporting but instead relates to concealment.

II.   **BABAUTA IS ENTITLED TO A NEW TRIAL ON COUNTS FOUR AND FIVE**

FRCrP Rule 33 allows the court to vacate any judgment and grant a new trial if the interest of justice so requires. The interest of justice requires a new trial on counts four and five.

A.   **A NEW TRIAL ON COUNT FIVE IS NECESSARY BASED ON THE FAILURE TO GIVE A JURY INSTRUCTION RELATING TO CONCEALMENT**

The failure to give a necessary jury instruction is a proper basis for granting a new trial. *Young*, 2005 WL 1313448 at 4.

At trail, Babauta contended that pursuant to *Murphy*, he was entitled to a jury instruction which required the jury to find beyond a reasonable doubt that he had a clear legal duty to report the information not submitted to the Division of Environmental Quality. In declining to give an instruction based on *Murphy*, the court agreed with the prosecution that *Murphy* only applied to incidents of concealment and not false reporting. Nevertheless, even under the court ruling, an instruction based on *Murphy* was necessary in connection with coutn five of the indictment.

Count five concerned the August, 2003 report prepared by the Commonwealth Utilities Corporation Water Division. The exhibits the prosecution relied upon in connection with the August, 2003 report show that the basis for the charge is not false reporting but the concealmenat

2003). *See e.g. In re Oliver,* 333 U.S. 257, 271-272, 68 S.Ct. 499, 507 (1948)[ "And without exception all courts have held that an accused is at the very least entitled to have his friends, relatives and counsel present, no matter with what offense he may be charged,]"

The closure in this case was a partial closure as only certain persons were excluded from attending the jury selection proceedings. *See* Declaration of Juan N. Babauta. However, the defendant was not provided with any of the mandated procedural protections required for a partial closure. Similarly, there is not any known order granting the partial closing of the courtroom for jury selection purposes. Excluding Juan N. Babauta from the jury selection proceedings violated Pedro Babauta's 6th amendment rights. This violation can only be cured by the granting of a new trial.

## CONCLUSION

Babauta should be acquitted on count five and receive a new trial on count four. Alternatively, he should receive a new trial on both counts four and five.

Dated this 12th day of July, 2005.

Law Office of G. Anthony Long

By: _____
G. Anthony Long

of the August 27, 2005 test results. The report submitted by the Water Division contained the results of the August 28, 2003 tests but omitted the results of the August 27, 2003 tests. This circumstance is one of concealment and not false reporting. *See Murphy, supra*; *United States v. Gibson*, 2005 WL 128004 at 4-5 (6th Cir. 2005); *United States v. Curran*, 20 F.3d 560, 568 - 571 (3d Cir.1994). As such, an essential element for a conviction under court five was a requirement that Babauta had a duty to report the August 27, 2003 test results. Such an instruction was not given. This entitles Babauta to a new trial on count five. *Curran, supra*.

### B. A NEW TRIAL ON COUNTS FOUR AND FIVE IS PROPER DUE TO EXCLUSION OF PERSONS FROM THE COURTROOM DURING JURY SELECTION

The 6th Amendment right to a public trial extends to pre-trial proceedings in a criminal case. *Waller v. Georgia*, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984); *State v. Clifford*, 733 N.E.2d 621, 624,625 (Ohio App. 1999). At common law, the term "open court" meant a court to which the public had a right to be present. *People v. Rose*, 368 N.Y.S.2d 387 (NY 1975). While the Sixth Amendment speaks only of a "public trial," the Supreme Court has construed this right expansively to apply to a range of criminal proceedings, including jury selection, see *Press-Enterprise Co. v. Superior Court of California* ("Press Enterprise I"), 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). *U.S. v. Abuhamra*, 389 F.3d 309, 323 (2nd Cir. 2004). Whether the closure was intentional or inadvertent is constitutionally irrelevant. *Walton v. Briley*, 361 F.3d 431, 433 (7th Cir. 2004). Even more so, a defendant is not required to prove specific prejudice in order to obtain relief for violation of public-trial. *Waller, supra*; *Clifford, supra*. To justify closing a criminal proceeding to the public, the following criteria must be satisfied: (1)

the moving party must show that closure serves a compelling interest; (2) the moving party must show that there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; (3) the moving party must show that there are no alternatives to closure that would adequately protect the compelling interest and (4) the trial court must make specific findings to support the closure. *Waller*, 467 U.S. 39 at 48. 104 S.Ct. at 2216 All four prongs of the *Waller* test must be satisfied or the closure violates a defendant's 6th Amendment right to a public trial. *Mason v. Schriver*, 14 F.Supp.2d 321, 328 (S.D.N.Y. 1998).

It should be noted that not all closures are complete closures. The law recognizes that courtroom closures may be partial. Partial closures occur when certain persons are excluded from attending a court session otherwise open to the public. *United States v. Sherlock*, 962 F.2d 1349, 1357 (9th Cir. 1989). To justify a partial closure, a substantial reason must exist for the partial closure and the closure is narrowly tailored to exclude spectators only to the extent necessary to satisfy the purpose for which it was ordered. *Sherlock*, 962 F.2d at 1357. However, before a partial closure occurs, the court must provide the defendant with the same procedural protections as for a total closure. *Id.* at 1357 - 1359. *See Socorro v. Thurman*, 1995 WL 125429 at 1 - 2 aff'd . 67 F.3d 308 (9th Cir.(Cal.) Sep 27, 1995). These procedural protections require that (1) the defendant must have an opportunity to be heard; (2) the court make factual findings to support the closure; and (3) the court must consider reasonable alternatives. *Id.* at 1357 - 1359. *See Socorro v. Thurman*, 1995 WL 125429 at 1 - 2 aff'd . 67 F.3d 308 (9th Cir.(Cal.) Sep 27, 1995). Moreover, in connection with any courtroom closure, courts acknowledge that a special concern exists with respect to excluding a defendant's family members from court proceedings. *See Vidal v. Williams*, 31 F.3d 67, 69 (2d Cir.1994); *Yung v. Walker*, 341 F.3d 104, 110 (2nd Cir.

Page 5 of 6