FILED
Clerk
District Court

AUG 25 2005

For The Northern Mariana Islands
By_______________
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970, Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 04-0009 |
| | ) |
| Plaintiff | ) REPLY MEMORANDUM |
| | )SUPPORTING MOTION FOR |
| v. | ) JUDGMENT OF ACQUITTAL |
| | ) AND NEW TRIAL |
| | ) |
| PEDRO Q. BABAUTA | ) |
| | ) Date: September 1, 2005 |
| Defendant | ) |
| ______________________________ | ) Time: 9:30 a.m. |

I. COUNT FIVE CHARGED CONCEALMENT

The false statement statute, 18 U.S.C. §1001 proscribes two different types of conduct (1) concealment of material facts and (2)false representations. *United States v. Curran*, 20 F.3d, 560, 566 (3rd 1994). The Ninth Circuit has recognized that concealment and false representation are "two distinct offenses" with each requiring different elements of proof. *United States v. Mayberry*, 913 F.2d 719, 722 n. 7 (9th Cir. 1990). *See United States v. UCO Oil Co.*, 546 F.2d 833, 835 n. 2



LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

(9th Cir.1976), cert. denied, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). False representation requires proof of actual falsity, whereas concealment must be established through evidence of willful nondisclosure by means of a "trick, scheme, or device." *Curran*, 20 F.3d at 566. As established in Babauta's moving memorandum, the Ninth Circuit in *United States v. Murphy*, 809 F.2d 1427 (9th Cir.1987) held that an essential element of a § 1001 violation premised on concealment requires proof that the defendant had a legal duty to disclose the facts allegedly concealed. In fact, the majority of the other Circuits have ruled that a § 1001 violation predicated on concealment requires that the defendant must have had a legal duty to disclose the facts at the time of the alleged concealment. *Curran,* 20 F.3d at 566; *United States v. Crop Growers Corportion*. 954 F.Supp. 335, 344 (D.D.C., 1997); *United States v. Zalman*, 870 F.2d 1047, 1055 (6th Cir.1989), cert. denied sub nom., *Sharifinassab v. United States*, 492 U.S. 921, 109 S.Ct. 3248, 106 L.Ed.2d 594 (1989); *United States v. Nersesian*, 824 F.2d. 1294, 1312 (2d Cir.1987), cert. denied, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *United States v. Hernando Ospina*, 798 F.2d 1570, 1578 (11th Cir.1986); *United States v. Larson*, 796 F.2d 244, 246 (8th Cir.1986); *United States v. Anzalone*, 766 F.2d 676, 683 (1st Cir.1985); *United States v. Irwin*, 654 F.2d. 671, 678-79 (10th Cir.1981), cert. denied, 455 U.S. 1016, 102 S.Ct. 1709, 72



LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

L.Ed.2d 133 (1982). Thus, the prosecution's insinuation that the false representation and concealment theories of § 1001 do not constitute separate distinct offenses, Opposition Memo at 3, is contrary to Ninth Circuit precedent. *See Mayberry*, 913 F.2d at 722 n. 7.

The substantive charges against Babauta are set forth in counts 2 through 5 of the superseding indictment. Counts 2 through 5 are based on paragraphs 13 and 14 of the superseding indictment. Paragraph 13 incorporates paragraphs 1 through 12 of the superseding indictment. To this extent, paragraphs 11 and 12 both contain allegations of concealment. More specifically, the factual basis for count five is based on concealment and not the submission of a false statement.

Count Five concerns the March 6, 2003 submission of the February, 2003 report. The factual allegations supporting count five are set forth in paragraph 12(f) of the superseding indictment. Paragraph 12(f) alleges as follows:

> [o]n or about March 6, 2003 PEDRO Q. BABAUTA, a./k./a. "Pete", the defendant, caused CUC to submit a monthly report to DEQ that **omitted an entire series of samples** taken on February 27, 2003, that showed "positive results" for total coliform bacteria.(emphasis added).

A plain reading of the acts relied upon for Count Five concern concealment. The evidence submitted at trial with respect to Count Five consisted of the omission of the February 27, 2003 testing data. Babauta requested an instruction concerning

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

concealment. The prosecution contended that concealment was not at issue in the case and the concealment instruction was unnecessary. The court agreed with the prosecution and declined to give the concealment instruction.

In opposing Babauta's post trial motion, the prosecution contends that the jury could have returned a guilty verdict based on the alleged evidence that the test results from February 13, 27, and 28, were falsified[1]. Opposition Memo at 3. The prosecution also argues that the jury could have found that the February 28, 2003 test results should have been listed as repeat tests instead of original test results. *Id.* The prosecution's contention at trial and in opposition to Babauta's post trial motion entitles Babauta to an acquittal as the contentions amount to a concession that a material variance exists between the indictment and the proof at trial. *See United States v. Tsinhnahijinnie*, 112 F.3d 988 (9th Cir. 1997). *Tsinhnahijinnie* noted that:

> [a] defendant is entitled to know what he is accused of doing in violation of the criminal law, so that he can prepare his defense, and be protected against another prosecution for the same offense. The true inquiry, therefore, is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused. The general rule that

[1] This argument misses the mark as Section 1001 prohibits two types of false statements (1) false representations and (2) concealment of a material fact. Thus, the assertion that the jury could have found the statement false does not address the issue of whether that finding is based on concealment or false representation.

> allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

*Id* at 991. With respect to Count Five, paragraph 12(f) of the superseding indictment clearly accuses Babauta of violating § 1001 with respect to the February, 2003 report by concealing an entire series of tests taken on February 27, 2003. This establishes that the grand jury's return on count five was premised on concealment and not false representation. Concealment , not false representation, is the notice given to Babauta for Count five and that was the allegation upon which he prepared his defense. The prosecution claiming the conviction on count five is proper because the jury could have found false representation, is an admission of a material variance which warrants acquittal. *See Tsinhnahijinnie*, *supra*.

Alternatively, Babauta should be granted a new trial as the jury was not instructed on an essential element of concealment, which is whether Babauta had a legal duty to report the information not disclosed to the DEQ. This failure greatly prejudiced Babauta as an issue existed regarding whether Babauta had a duty to report the February 27, 2003 test results in absence of the written

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

monitoring plan required byDEQ regulations. If the jury had received the proposed instruction based on *Murphy*, it very well could have returned a not guilty verdict on that charge given the uncontroverted evidence that a written monitoring plan did not exist.

The prosecution's reliance on *United States v. Milton*, 602 F.2d 231 (9th Cir. 1979) is misguided as that case concerned a jury instruction on intent to defraud in a false representation case. It did not involve the issue of concealment as does this case. In any event, *Murphy* was decided after *Milton*.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

## II. BABAUTA SHOULD BE GRANTED A NEW TRIAL ON COUNTS 4 AND 5 FOR THE PARTIAL CLOSURE OF THE COURTROOM

Citing the unpublished case of *United States v. Campbell*, 985 F.2d 575 (9th Cir. 1993) , the prosecution contends the exclusion of Babauta's cousin and Mr. Guerrero from the courtroom did not cause a partial closure. Opposition Memo at 6 - 7. Campbell does not assist the prosecution as it is an unpublished decision and pursuant to Circuit 36-3 it can not be cited, used or relied upon in this case. *In Re Burns, 974 F.2d 1064, 1067-1068 (9th Cir. 1992) Shaw v. State of Oregon. Public Employees' Retirement Bd,* 887 F.2d 947, 949 (9th Cir. 1989); *People of Territory of Guam v. Yang*, 850 F.2d 507, 511 (9th Cir. 1988). Additionally, in *Campbell*

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

the exclusion was pursuant to an order announced in advance and there was not any objection to the order after its announcement. In this case, there was not an order issued by the court giving any instructions about excluding persons from the courtroom during voir dire. Even more so, there was not notice of any kind given in advance notifying the defense or the public that persons could be excluded from the courtroom during voir dire.

In *United States v. Ivester*, 316 F.3d 955, 960 (9th Cir. 2003) the closure involved an administrative problem. That is not the circumstance in this case. Jury voir dire is not an administrative problem, instead it is an integral part of the trial process. Moreover, none of the cases relied upon by the prosecution involve the exclusion of a family member. Noticeably, the prosecution does not address the issue of the exclusion of a family member. This omission is crucial as exclusion of a family member from the courtroom is the factor which differentiates this case from *Peterson v. Williams*, 85 F.2d 39 (2nd Cir. 1996), on which the prosecution places much emphasis.

*Peterson* is a habeas corpus case arising out of the New York state court system. In *Peterson*:

> [t]he defendant brought a direct appeal in the New York courts. The Appellate Division rejected his appeal, holding that the defendant's rights were not violated. People v. Peterson, 186

> A.D.2d 231, 587 N.Y.S.2d 770 (2d Dep't 1992). **The court found that only "spectators, rather than members of [petitioner's] family" had been removed from the courtroom**, that the unauthorized closure had lasted fifteen to twenty minutes, and that the courtroom was immediately reopened when the mistake was discovered. 186 A.D.2d at 231, 587 N.Y.S.2d at 771. It "conclude[d] that it is not necessary, in order to advance the[ ] purposes [served by a public trial], to require a reversal where the closure was completely inadvertent, and no evidence was offered that any observer wishing to enter was excluded." 186 A.D.2d at 232, 587 N.Y.S.2d at 772.

85 F.3d at 42 (emphasis added). A crucial factor underlying *Peterson* was that the exclusion did not involve the defendant family members. This case involves exclusion of a family member. Even more telling is that Peterson is a 2nd Circuit case and the 2nd Circuit recognizes that , in connection with any courtroom closure, a special concern exists with respect to excluding a defendant's family members from court proceedings. *See Vidal v. Williams*, 31 F.3d 67, 69 (2d Cir.1994)["[T]he Supreme Court has specifically noted a special concern for assuring the attendance of family members of the accused."]; *Carson v. Fischer,* --- F.3d ----, 2005 WL 2009549 at 7 (2nd Cir. Aug. 23, 2005)["The exclusion of courtroom observers, especially a defendant's family members and friends, even from part of a criminal trial, is not a step to be taken lightly."] Thus, *Peterson* and the other cases relied upon by the prosecution are not on point as they do not concern the crucial factor of exclusion of a family member.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801

## CONCLUSION

The court should acquit Babauta on count five and grant a new trial on count four. Alternatively, Babauta should be granted a new trial on counts four and five.

Dated this 25th day of August, 2005.

Law Office of G. Anthony Long

By: ____________________
G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802 Fax No: (670) 235-4801