Clerk
District Court

SEP 0 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEDRO Q. BABAUTA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. CR-04-00009 <br><br> **ORDER ON MOTION FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL** |

This matter is before the Court on defendant Pedro Q. Babauta's Motion for Judgment of Acquittal and New Trial, the government's opposition thereto and defendant's reply. Upon consideration of the record, the submitted memoranda, the arguments of counsel and the applicable law, the Court denies defendant's motion.

I.

Defendant's motion seeks an acquittal due to insufficient evidence on Count Five of the Superseding Indictment. Defendant further moves the Court for a new trial on Counts Four and Five of the Superseding Indictment. Defendant seeks a new trial on Count Five based on an alleged failure to give a proper jury instruction. Additionally, defendant seeks a new trial on Counts Four and Five based on alleged violation of his Sixth Amendment right to a public trial.

A. Whether Defendant Is Entitled to Acquittal on Count Five

Count Five of the Superseding Indictment accused defendant of knowingly and willfully making a false statement to DEQ on March 6, 2003 in violation of 18 U.S.C. § 1001. Defendant

1  argues that the exhibits and testimony the government relied upon in connection with this charge
2  reveals that the basis for the charge is not false reporting but the concealment of the February 27, 2003
3  test results, that is, the report submitted by defendant contained the results of the February 28, 2003
4  tests but omitted the results of the February 27, 2003 tests. Defendant argues that this circumstance
5  is one of concealment and not false reporting. As such, defendant concludes that he is entitled to a
6  judgment of acquittal on Count Five of the Superseding Indictment since the evidence does not prove
7  false reporting but instead relates to concealment.

8  In deciding a motion under Fed.R.Crim.P. 29(c) for judgment of acquittal after the jury
9  returned a verdict of guilty, the Court must look to all the evidence, and, when taken in the light most
10 favorable to the government, determine whether a rational trier of fact could have found the defendant
11 guilty beyond reasonable doubt. *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992). The
12 Court "must bear in mind that it is the exclusive function of the jury to determine the credibility of
13 witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United*
14 *States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977).

15 The government produced sufficient evidence for a rational trier of fact to have found the
16 defendant guilty beyond reasonable doubt on Count Five. Defendant is correct in so far that
17 "concealment" and "false representation" are distinct offenses under 18 U.S.C. § 1001. *United States*
18 *v. Mayberry*, 913 F.2d 719, 722 n.7 (9th Cir. 1990). However, as argued by the government, the jury
19 had sufficient evidence from which to find that defendant's statement was false without regard to
20 concealment. The jury had Exhibit 1, which was the statement implicated in Count Five of the
21 Indictment. The jury heard evidence concerning the falsification and/or omission of test results from
22 February 13, 27 and 28, 2003. From the evidence, a jury could have concluded that defendant's
23 statement was false because it did not accurately reflect what should have been reported. From the
24 evidence the jury could also have inferred that the test results for February 28, 2003 should have listed
25 as repeat test results, not original test results and found falsity on that basis as well. Therefore,
26 defendant is not entitled to acquittal on Count Five of the Superseding Indictment
27
28                                                    2

## B. Whether Defendant Is Entitled to a New Trial

**1.** Defendant argues that a new trial on Count Five is required because the Court failed to properly instruct the jury. Defendant contends that the indictment and the evidence presented at trial concerning Count Five show that the basis for the charge was in fact concealment, not false reporting. As such, the Court should have instructed the jury to find beyond a reasonable doubt that defendant had a legal duty to report the information not submitted to the Department of Environmental Quality ("DEQ"). Since the Court did not provide this instruction, defendant contends that he is entitled to a new trial.

Under Fed.R.Crim.P. 33, the Court may grant a motion for new trial only if required in the interests of justice. The burden of justifying a new trial rests on the defendant. *United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986). Although an improper jury instruction may supply the ground for a new trial, the Court should evaluate the sufficiency of the jury instruction as a whole, not in isolation. *United States v. Torees-Rodriguez*, 930 F.2d 1375, 1388 (9th Cir. 1991). The final decision whether to grant a new trial lies within the discretion of the Court. *United States v. Powell*, 955 F.2d 1206, 1209 (9th Cir. 1992).

The Court did not improperly instruct the jury. Just because the government produced some evidence that may have supported an instruction on concealment does not mean that the government must pursue that theory. Instead the government requested a false statement instruction and was granted it by the Court since it produced sufficient evidence for a rational jury to find defendant guilty on Count Five. Defendant is not entitled to a new trial on Count Five because of improper instruction.

**2.** Defendant also seeks a new trial on Counts Four and Five based on an alleged violation of his Sixth Amendment right to a public trial. Defendant claims that the Governor and a companion were barred by court security from entering the courtroom during jury selection. Defendant claims that not permitting the governor and his companion to enter the courtroom at that time arose to a violation of defendant's Sixth Amendment right to a public trial. As such, defendant claims that he is entitled to a new trial.

1     In support of his motion, defendant submitted an affidavit wherein Governor Juan N. Babauta,
2 Governor of the Commonwealth of the Northern Mariana Islands, avers that on the day of trial, the
3 Governor and a companion went to the federal courthouse to attend jury selection. The Governor is
4 defendant's first cousin. At the courthouse, the Governor and a companion were stopped from
5 entering the courtroom by Court security personnel being told that jury selection was closed to the
6 public. The Governor then left the building.

7     It is the recollection of the U.S. Attorney and this Court that jury selection was not closed to
8 the public and that a number of members of the public, including the defendant's family, attended jury
9 selection. The U.S. Attorney represents that the Court admonished all spectators from approaching
10 jurors and limited where spectators could sit in the courtroom so that the Court could observe them.
11 It is the recollection of the Court that, upon being informed sometime later that Governor Babauta was
12 denied entry into the courtroom, the Court was informed by court security that it inadvertently thought
13 that the courtroom was closed during jury instruction. The denial of entry of the Governor was not
14 noticed until after the event.

15     The Court finds that the barring of Governor Babauta from the courtroom does not arise to a
16 violation of defendant's Sixth Amendment right to a public trial. Although the Governor could not
17 watch the jury selection, members of the public and defendant's family were still present. Given this
18 fact and the fact that the closure was inadvertent and only for jury selection, the Court cannot say that
19 the values protected by the Sixth Amendment were violated. *United States v. Ivestor*, 316 F.3d 955,
20 960 (9th Cir. 2003); *United States v. Al-Samadi*, 15 F.3d 153 (10th Cir. 1994)(finding that "the brief
21 and inadvertent closing of the courtroom, unnoticed by any of the trial participants, did not violate the
22 Sixth Amendment."). Thus, defendant's motion for a new trial is denied.

23 ///
24 ///
25 ///
26 ///
27
28                                                       4

## II. Conclusion

Based on the foregoing, it is **ORDERED** that defendant Pedro Q. Babauta's Motion for Judgment of Acquittal and New Trial is **DENIED**.

DATED this 1st day of September, 2005

_____
Alex R. Munson
Chief Judge, United States District Court

5