F I L E D
Clerk
District Court

DEC - 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorneys for Defendant Babauta

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 04-0009 |
| | ) |
| Plaintiff | ) MEMORANDUM SUPPORTING |
| | ) MOTION FOR RELEASE |
| v. | ) PENDING APPEAL |
| | ) |
| PEDRO Q. BABAUTA | ) JAN - 5 2006 |
| | ) Date: ~~December 29, 2005~~ |
| Defendant | ) |
| | ) Time: 9:00 a.m. |

This memorandum is filed on behalf on defendant Pedro Q. Babauta.

I.  **THE STANDARD FOR RELEASE PENDING APPEAL**

The criteria for release from imprisonment or a stay of sentence pending appeal requires a showing that (1) the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question

of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal and that decision will (a) likely to result in reversal or an order for a new trial, *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985); *United States v. Lester*, 2005 WL 1174458, at 1 - 2 (W.D.Wash. May 17, 2005), (b) result in a sentence that does not include a term of imprisonment, on all counts on which imprisonment has been imposed, *United States v. Mett*, 41 F.3d 1281, 1282 N.3 (9th Cir. 1994) or the sentence can be served prior to resolution of the appeal. *United States v. LaGiglio*, 384 F.3d 925, 926 (7th Cir. 2004); 18 U.S.C. § 3143(b)(1)(B)(iv).

## II.  BABAUTA'S SENTENCE SHOULD BE STAYED PENDING APPEAL

### A.  BABAUTA IS NOT A DANGER TO ANY PERSON OR TO THE COMMUNITY AND HE IS NOT A FLIGHT RISK

There is no evidence of dangerousness as Babauta was on release pending trial and between conviction and sentencing and from the date of sentencing until the date he reported to federal custody. Moreover, Babauta is not convicted of a crime of violence.

B. **THE APPEAL RAISES SUBSTANTIAL QUESTIONS WHICH ARE LIKELY TO RESULT IN A REVERSAL, NEW TRIAL OR REDUCTION IN SENTENCING**

A substantial question is one that is fairly debatable or fairly doubtful and it is one of more substance that would be necessary to a finding that it was not frivolous. *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir.1985). *See United States v. Montoya*, 908 F.2d 450 (9th Cir. 1990). The term 'substantial' defines the level of merit required in the appeal issues while the phrase 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented. *Id.*

1. **A SUBSTANTIAL QUESTION EXISTS REGARDING BABAUTA'S ENTITLEMENT TO A NEW TRIAL ON COUNT FIVE**

18 U.S.C.§ 1001 prohibits false reporting and concealment. *See United States v. Curran,* 20 F.3d 560, 566 (3d Cir.1994). The Ninth Circuit has recognized that concealment and false representation are "two distinct offenses" with each requiring different elements of proof. *United States v. Mayberry*, 913 F.2d 719, 722 n. 7 (9th Cir. 1990). *See United States v. UCO Oil Co.*, 546 F.2d 833, 835 n. 2 (9th Cir.1976), cert. denied, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). *See Curran*, 20 F.3d at 566. False representation requires proof of

actual falsity, whereas concealment must be established through evidence of willful nondisclosure by means of a "trick, scheme, or device." *Curran*, 20 F.3d at 566. Additionally, when a § 1001 violation is based on the concealment theory, an essential element for a conviction is that the defendant had a duty to report the information allegedly concealed or omitted. *United States v. Murphy*, 809 F.2d 1427 (9th Cir.1987). The Ninth Circuit further requires that the jury receive an instruction that it must find beyond a reasonable doubt that the defendant had a legal duty to report the information concealed or omitted. *Id*.

In this case, Count Five of the indictment against Babauta involved a report for the month of February, 2003. The exhibits and testimony the prosecution relied upon in connection with the February, 2003 report reveals that the basis for the charge is not false reporting but the concealment of the February 27, 2003 test results. The report submitted by the Water Division contained the results of the February 28, 2003 tests but omitted or concealed the results of the February 27, 2003 tests. This is clearly demonstrated by the prosecution's closing argument wherein it acknowledged that Count V concerns the omission of data as opposed to the altering of data. *See* Declaration of Counsel at Exhibit 1. Indeed, the prosecution specifically told the jury that in connection with the report for February, 2003, Babauta "hid data from the people of Saipan." Declaration of

Page 4 of 11

Counsel, Exhibit 1, Transcript at 492 lines 20 - 21.

Since the evidence and the prosecution's theory concerning the report for February, 2003 concerned concealment or omission, Count Five involves concealment. and not altering test results or false reporting *See Murphy, supra*; *United States v. Gibson*, 2005 WL 128004 at 4- 5 (6th Cir. 2005); *United States v. Curran*, 20 F.3d 560, 568 - 571 (3d Cir.1994). As such, an essential element for a conviction under court five was a requirement that Babauta had a duty to report the August 27, 2003 test results. Accordingly, the jury had to be instructed regarding this element. *Murphy, supra*. Such an instruction was not given despite Babauta's request. This presents a substantial question of whether Babauta will receive a new trial with respect to Count Five.

2. **A SUBSTANTIAL QUESTION EXISTS AS TO WHETHER BABAUTA SHOULD RECEIVE A NEW TRIAL ON COUNTS FOUR AND FIVE**

An essential jurisdictional element of a § 1001 violation is whether a direct relationship exists between the alleged materially false statement and an authorized function of a federal agency or department. *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir. 1989)(en banc). tOver Babauta's objection the court ruled as a matter of law that a direct relationship existed between the allegedly

materially false statements and an authorized function of the Environmental Protection Agency. This effectively took away from the jury the determination of the essential jurisdiction element the government had the burden of proving beyond a reasonable doubt. This appears to be contrary to circuit law as in this circuit, when jurisdiction is an essential element of a crime, the matter is a factual issue for resolution by the jury. *United States v. Gomez*, 87 F.3d 1093 (9th Cir. 1996).

*Gomez* addressed whether determination of the jurisdictional issue in a criminal case constituted a question of law for the court or a factual issue. The court reasoned that:

> ..."'when a question of federal subject matter jurisdiction is intermeshed with questions going to the merits, the issue should be determined at trial.' " (citations omitted). This holding recognizes that the statute's jurisdictional element confers subject matter jurisdiction, but that it is also a material element of the offense. Id. at 669-70. Because this issue turned on a factual determination as to whether there was a sufficient nexus with interstate commerce, we determined that this question should be left to the jury. **Therefore, the government must prove the jurisdictional element in a federal criminal statute beyond a reasonable doubt, like any other element of the offense**

87 F.3d at 1096 - 1097. *See United States v. Nukida*, 8 F.3d 665, 669-73 (9th Cir.1993) (jurisdictional elements of offenses must be determined by the finder of fact at trial).

The Ninth Circuit seems to take the same approach with respect to the § 1001 jurisdictional issue. In *United States v. Green*, 745 F.2d 1205 (9th Cir. 1984), the Ninth Circuit held that:

> [i]n order for a false statement to be punishable under section 1001, it must concern a matter within the jurisdiction of a department or agency of the United States. Under section 1001, the false statement need not be made directly to the government agency; it is only necessary that the statement relate to a matter in which a federal agency has power to act. United States v. Balk, 706 F.2d 1056, 1059 (9th Cir.1983).
>
> The test reports falsified by Green concerned materials to be used in a Level I area of a nuclear power plant. In order for these materials to qualify for use in Level I, they were required by NRC to pass safety-related tests. **The jury could have concluded that Green's false statements related to a matter which was the concern of a federal agency.**

745 F.2d at 1208 - 1209 (emphasis added).

Similarly, in *United States v. Oren*, 93 F.3d 1057 (9th Cir. 1990) the court ruled that "[w]e note that in this case the district court instructed the jury that it had to find whether it was reasonably foreseeable by Oren that his statement was within the Park Service's jurisdiction.." *Id* at 1065. In *United States v. Kraude,*, 467 F.2d 37 (9th Cir. 1972) certiorari denied 93 S.Ct. 684, 409 U.S. 1076, 34 L.Ed.2d 664 the circuit examined the sufficiency of the evidence with respect to the jurisdictional element in a § 1001 prosecution. The court ruled as follows:

[a]ppellant's initial contention is that the term "jurisdiction", as used in 18 U.S.C. § 1001, means that the writing will be transmitted to the agency by the defendant, and that the agency will act on the information contained in the writing. It is argued that since the medicare forms were transmitted by appellant to a private carrier (Occidental Life Insurance Co.) and not directly to the Department of Health, Education and Welfare, the jurisdictional requirements of § 1001 were not met. **The record reveals that the Department of Health, Education and Welfare, through the Social Security Administration, entered into a written contract with Occidental to handle the medicare forms and determine payment to doctors. In effect, Occidental was an agent of the Department of Health, Education and Welfare for this specific purpose.** Furthermore, in Ebeling v. United States, 248 F.2d 429, 434 (8th Cir. 1957), in a similar situation, the court held that the transmittal did not have to be directly to the agency or department to be within the jurisdictional requirement of § 1001, so long as it had a material effect on the department or agency function. See also Kuenstler v. Occidental Life Insurance Co., 292 F.Supp. 532 (D.C.C.D.Cal.1968). We are of the opinion that the term "jurisdiction" as used in 18 U.S.C. § 1001 covers a situation such as the one here.

Appellant's second contention is that the court committed reversible error in failing to instruct the jury as to the meaning of the term "jurisdiction". The record shows that counsel for the defendant was given an opportunity to object to the instructions prior to and after they were given to the jury and no objection was made in regard to the failure of the court to instruct the jury as to the meaning of the term "jurisdiction". Since no objection was made at the trial level, appellant is foreclosed from raising this issue for the first time on appeal.

467 F.2d at 38 -39 (emphasis added). *See e.g. United States v. Cooper*, 173 F.3d 1192, 1201(9th Cir. 1999) [Affirming a conviction under the Clean Water Act

noting that "**the government presented evidence** that the Water Board, acting under authority delegated by the EPA, properly issued the City's NPDES permit."](emphasis added).

Thus, it appears, whether a materially false statement is within the "within the jurisdiction of any department or agency of the United States" is a factual issue for resolution by the jury. *Green*, 745 F.2d at 1208 - 1209; *Oren*, 93 F.2d at 1065. *See United States v. Hooper*, 596 F.2d 219, 222 - 223 (7th Cir. 1979). *See e.g. Gomez, supra, and Nukida, supra.*

### 3.   BABAUTA WILL BE IRREPARABLY PREJUDICED IF HE IS NOT RELEASED FROM PENDING APPEAL

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) allows a defendant to challenge a sentence on the basis of reasonableness. The court found the applicable sentencing guideline in this case required a six month sentence. Nevertheless, the court imposed a one year term of imprisonment on grounds that Babauta's action endangered the public. Babauta contends the one year sentence is unreasonable as the guideline calculation adopted by the court incorporated the reasoning used by the court to impose a one year sentence. Babauta therefore asserts that the court's justification for the one year sentence is

insufficient to impose a one year sentence. Babauta also challenges the reasonableness of his sentence on grounds that the endangerment issue is purely speculation as here was not any showing that Babauta's conduct with respect to counts four and five actually, in fact, endangered the public.

Babauta's challenges to his sentence presents a substantial question especially since the jurisprudence regarding how the Ninth Circuit or other circuits will address or analyze this reasonableness standard is scarce or none existence.

Even more so, a substantial possibility exists that Babauta will have completed his one year prison sentence prior to resolution of his appeal. Under this circumstance, he will suffer irreparable harm as he cannot regain the time he will have lost and his appeal of his sentence will be rendered moot. This necessitates Babauta's release pending appeal *See LaGiglio*, 384 F.3d 925, 926 (7th Cir. 2004); 18 U.S.C. § 3143(b)(1)(B)(iv). *See also Lester*, 2005 WL 1174458 at 1 - 2.

## CONCLUSION

Babauta's 12 month sentence should be released pending appeal. Neither the prosecution nor the public will be harmed by the release. Babauta, however, will be irreparably harmed if the release is not granted, especially in light of the

substantial appeal issues.

Dated this 4th day of December, 2005.

Law Office of G. Anthony Long

By: /s/
G. Anthony Long