Clerk
District Court

DEC 2 3 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant U.S. Attorneys
DISTRICT OF THE NORTHERN
   MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP  96950
Telephone:  (670) 236-2952
Fax:          (670) 236-2985

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 04-00009 |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S |
| | ) | MOTION FOR RELEASE PENDING |
| v. | ) | APPEAL |
| | ) | |
| PEDRO Q. BABAUTA, | ) | |
| a/k/a "Pete," | ) | Date:  January 5, 2006 |
| | ) | Time:  9:00 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney,

and hereby files its memorandum in opposition to the defendant's motion for release pending appeal.

I.     STANDARD FOR BAIL PENDING APPEAL

Title 18, United States Code, § 3143(b) requires the Court to detain a defendant pending

determination of his appeal except where the Court finds "by clear and convincing evidence that the

defendant is not likely to flee or pose a danger to . . . the community ... and that the appeal is not for the

purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an

1  order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced

2  sentence to a term of imprisonment less than the total of the time already served plus the expected

3  duration of the appeal process."

4      The Ninth Circuit imposes a four part test under this statute: (1) that the defendant is not likely to

5  flee or pose a danger to the community; (2) that the appeal is not for delay; (3) that the appeal raises a

6  substantial question of law or fact; and (4) that if the substantial question is determined favorably, that

7  decision is likely to result in a reversal or order for a new trial of all counts on which imprisonment has

8  been imposed. United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985). The Government does not

9  contest the defendant's assertions that he is not a flight risk or danger to the community or that the

10 appeal is not for delay. Accordingly, the most pressing issue for consideration is whether the

11 defendant's appeal will raise substantial questions of law or fact. Handy defines a "substantial question"

12 as one that is "fairly debatable or fairly doubtful." Id. (quotations and citations omitted).

13 II.    THE DEFENDANT DOES NOT RAISE SUBSTANTIAL ISSUES OF LAW OR FACT.

14     The defendant is not entitled to be released from custody pending appeal because he does not

15 raise any substantial issues of law or fact and therefore does not meet the requirements of 18 U.S.C. §

16 3143(b).

17     A.    The Defendant Does Not Raise An Issue As To His Alleged Entitlement To A New Trial
            On Count Five On A "Duty To Report" Theory.

18
19     The defendant contends that he is entitled to a new trial on Count Five because the evidence at

20 trial supports a violation of 18 U.S.C. § 1001 only under a "concealment" theory, not for false reporting,

21 and that therefore the jury should have been instructed to find that the defendant had a duty to report

22 information not submitted to the CNMI DEQ. This combined argument of fact and law does not raise a

23 subtantial issue of law or fact. The jury instruction required the jury to find that the document used by

24 the defendant contained a false statement. The Court properly did not further define the term false,

25 because it is a "common term[] readily understandable by the jury." United States v. Hicks, 217 F.3d

1    1038, 1045 (9th Cir. 2000) (district court properly refused to define the term "false"). Because that

2    instruction properly defines the criminal conduct here and the jury had sufficient evidence to make its

3    finding, the defendant's point is misplaced both factually and legally.

4          First, with regard to the sufficiency of the evidence in Count Five, the jury had ample evidence

5    from which to find that the defendant's statement was *false*, without regard to concealment. The jury

6    had Exibit 1, which was the statement implicated in Count Five, and could determine for itself whether it

7    considered the information contained therein to be false. Significantly, the jury heard evidence

8    concerning the falsification of test results from February 13, 27, and 28, 2003. In addition, it could have

9    reasonably inferred that the test results for February 28 should have been listed as repeat test results, not

10   original test results, and found falsity on that basis. This is consistent with what the Government argued

11   to the jury: "You'll see that these are the documents that were submitted by CUC, by the defendant who

12   ran the lab, and you'll see the false statements *in there*." (Decl. of [Defense] Counsel dated Dec. 4,

13   2005, Ex 1, Tr. at 491, lines 21-23 (emphasis added).)

14         Second, there is no legal basis for the defendant's request for an additional jury instruction on

15   Count Five. It is undisputed that the defendant caused Exhibit 1 to be submitted, so the case was not

16   submitted under a theory that the defendant should have been submitting forms that he did not. Thus,

17   the false statement instruction that the Court gave would have been the same whether under a

18   "concealment" or "false reporting" theory; in other words, there are not two different "statutory

19   violations." See Ninth Cir. Model Jury Instr. § 8.66; United States v. Milton, 602 F.2d 231, 233 (9th Cir.

20   1979) (approving false statements instruction under § 1001). Moreover, in finding that Exhibit 1

21   contained a false statement, the jury must first consider whether the information was literally true and

22   could have returned a verdict of not guilty on that basis. See Torees-Rodriguez, 930 F.2d 1375, 1388

23   (9th Cir. 1991) (court should examine jury instructions as a whole).

24         Finally, the defendant cannot meet the four pronged test under Handy even if the Court

25   determines that a substantial question of law and fact exists as to the duty to report. A favorable

3

1    decision on the substantial issue must be likely to result in a new trial "*on all counts* on which

2    imprisonment has been imposed." Handy, 761 F.2d at 1283. The Court imposed sentences on both

3    Counts Four and Five to run concurrently, while this alleged issue pertains only to Count Five.

4          B.    The Defendant Is Not Entitled To A New Trial On Counts Four And Five For A Lack Of
5                Jurisdiction.

6          The defendant asserts that the Court erred by taking the factual issue of jurisdiction away from

7    the jury, which should have decided it by a reasonable doubt. The defendant does not raise a substantial

8    issue of fact or law because he mistakes the Court's ruling and overestimates its effect on the case. The

9    Court's ruling did not eliminate all factual elements of jurisdiction, specifically issues which should

10    have been reserved to the jury. The Court's ruling addressed solely the issue of the EPA's grant of

11    primary authority to the CNMI Division of Environmental Quality ("DEQ"), which was a legal matter

12    susceptible to a ruling of law. The Government still had to prove at trial, and did prove with respect to

13    Counts Four and Five, that the defendant submitted materially false documents to the DEQ and that

14    those submissions were material to the activities of the DEQ. See United States v. Facchini, 874 F.2d

15    638, 641 (9th Cir. 1989) (*en banc*).

16          The Government had requested that the Court find as a matter of law that the EPA had

17    jurisdiction over documents submitted to DEQ under the Safe Drinking Water Act ("SDWA") pursuant

18    to the EPA's grant of primary authority – in essence, that the DEQ stood in the shoes of the EPA. The

19    EPA's grant of primary authority took place within its regulatory authority pursuant to 42 U.S.C. § 300g-

20    2(a) and 40 C.F.R. 142.10. The Court took notice of prior legal actions, as documented in the Federal

21    and Commonwealth Registers.

22          The cases cited by the defendant actually support this position. The defendant cites a line a cases

23    holding that false statements that go to an "agent" of the federal government may be actionable under §

24    1001. See, e.g., United States v. Green, 745 F.2d 1205, 1208 (9th Cir. 1984); United States v. Kraude,

25    467 F.2d 37, 38 (9th Cir. 1972). The Government was required to prove that the defendant submitted

1    statements to the DEQ.  As a matter of law, the Court correctly found that the DEQ's "agency" took

2    places pursuant to a regulatory grant of authority, instead of by contract.

3         Second, United States v. Gomez, 87 F.3d 1093 (9th Cir. 1996) (defendant convicted of arson of a

4    rental apartment building involved in interstate commerce) demonstrates a similar division of

5    labor between the jury's fact finding and the court's rulings of law.  Although the jury found the

6    jurisdictional element that the building was involved in interstate commerce, the judge instructed the

7    jury *as a matter of law* "that rental properties are by definition used in interstate commerce."  Id. at 1097.

8    The Government never introduced any evidence regarding a connection to interstate commerce because

9    of the judge's legal ruling.  Id. at 1094.

10        Accordingly, the defendant has not shown that there is any substantial issue of law or fact with

11   regard to the proof of jurisdiction.

12        C.    There Is No Substantial Issue As To The Sentence's Reasonableness.

13        The defendant does not raise a substantial issue as to the sentence's reasonableness.  Although

14   United States v. Booker permits a defendant to challenge a sentence for reasonableness, it recognizes in

15   the absence of a mandatory guidelines system the district court's "broad discretion" in sentencing.  543

16   U.S. –, 125 S. Ct. 738, 750 (2005).  Although the Court exceeded the range of imprisonment under the

17   *advisory* Sentencing Guidelines, the Court was free to disregard that range so long as it stayed within the

18   statutory maximums.  Id. at 757.  Furthermore, the Court sentenced the defendant to only 20% of the

19   time requested by the Government.

20        Likewise, there is no issue as to the reasonableness of the Court's fact finding underlying its

21   determination of the advisory Guidelines level.  The Court find facts under a preponderance of evidence

22   standard.  See United States v. Ameline, 409 F.3d 1073, 1086 (9th Cir. 2005) ("the district court must

23   continue to apply the appropriate burdens of proof, consistent with Howard"); United States v. Howard,

24   894 F.2d 1085, 1090 (9th Cir. 1990) ("party bearing the burden of proof will be required to meet a

25   'preponderance of the evidence' standard").  There was more than sufficient evidence available to the

1  Court from trial; in addition, the Government introduced additional testimony from Special Agent Gary

2  Guerra at the sentencing hearing.  Accordingly, the defendant does not raise a substantial issue of law or

3  fact as to the sentence's reasonableness.

4           Finally, the defendant's argument regarding irreparable harm is moot since he cannot show a

5  substantial issue of law or fact.  In any event, LaGiglio is inapposite because in that case, due to the

6  Seventh Circuit's decision in United States v. Booker requiring a jury finding of sentencing

7  enhancements and under the then mandatory guidelines system, the defendant's sentence became capped

8  at less time that she would have served.  384 F.3d 925, 926 (7th Cir. 2004), citing United States v.

9  Booker, 375 F.3d 508 (7th Cir. 2004), remanded, 543 U.S. –, 125 S. Ct. 738 (2005).  In this defendant's

10 case, there is no "cap" on sentence beyond the statutory maximum of 10 years, which the defendant will

11 not exceed while waiting for his appeal to be resolved.  Accordingly, the only deadline is the exhaustion

12 of the defendant's one year sentence (although the issue is moot because the defendant does not raise a

13 substantial issue of law or fact with regard to the sentence).

14 III.    CONCLUSION

15          For the reasons stated above, the Court should deny the defendant's motion for bail pending

16 appeal.

17 Dated: December 23, 2005
        Saipan, CNMI

18

19                                            Respectfully submitted,

20                                            LEONARDO M. RAPADAS
                                              United States Attorney
21                                            Districts of Guam and the NMI

22          By:    _____
23                 TIMOTHY E. MORAN
                   Assistant United States Attorney

24

25