Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Defendant Babauta

FILED
Clerk
District Court

JAN - 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL ACTION NO. 04-0009 |
| | ) |
| Plaintiff | ) REPLY SUPPORTING MOTION |
| | ) FOR RELEASE PENDING APPEAL |
| v. | ) |
| | ) |
| PEDRO Q. BABAUTA | ) |
| | ) Date: January 5, 2006 |
| Defendant | ) |
| | ) Time: 9:00 a.m. |

The prosecution does not dispute that Babauta is not a flight risk or danger to the community or that this motion is brought for purposes of delay. The prosecution apparently concedes that if substantial questions are presented on appeal Babauta's imprisonment would amount to irreparable harm. The sole question, therefore, is whether Babauta's appeal presents a substantial issue.

The prosecution disregards that there are two types of false statements. One type is false reporting and the other is concealment. Each type of false

statement has its own distinct elements. Not placing information on a submission is concealment. Placing false information in a submission is false reporting. As held in *United States v. Curran*:

> [s]ection 1001 proscribes two different types of conduct: concealment of material facts and false representations. The latter requires proof of actual falsity, whereas concealment must be established through evidence of willful nondisclosure by means of a "trick, scheme, or device."

Moreover, as noted more than forty years ago regarding these two different theories:

> [w]hat must be proved to establish each offense, however, differs significantly. False representations, like common law perjury, require proof of actual falsity; concealment requires proof of wilful nondisclosure by means of a 'trick, scheme or device.

*United States v. Diogo*, 320 F.2d 898, 902 (2d Cir.1963). Likewise, the Ninth Circuit has stated:

> [a]s this circuit and others have recognized, § 1001 includes two distinct offenses, concealment and false representation, and these require different elements of proof. (citations omitted). Because the government charged that use of the verification forms was an offense of the latter type, it bore the burden of proving that the statement of the account balance was false. We express no opinion on whether the convictions would have survived had the government charged that use of the verification forms constituted concealment under § 1001.

*United States v. Mayberry*, 913 F.2d 719, 722 n. 7 (9th Cir.1990). Even more so, when concealment, as opposed to false reporting is at issue, the Ninth Circuit holds that an essential element of a § 1001 violation premised on concealment requires proof that the defendant had a legal duty to disclose the facts allegedly concealed. *United States v. Murphy*, 809 F.2d 1427 (9th Cir.1987). The majority of the other Circuits have also ruled that a § 1001 violation predicated on concealment requires that the defendant must have had a legal duty to disclose the facts at the time of the alleged concealment. *Curran,* 20 F.3d at 566; *United States v. Crop Growers Corportion.* 954 F.Supp. 335, 344 (D.D.C., 1997); *United States v. Zalman*, 870 F.2d 1047, 1055 (6th Cir.1989), cert. denied sub nom., *Sharifinassab v. United States*, 492 U.S. 921, 109 S.Ct. 3248, 106 L.Ed.2d 594 (1989); *United States v. Nersesian*, 824 F.2d. 1294, 1312 (2d Cir.1987), cert. denied, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *United States v. Hernando Ospina*, 798 F.2d 1570, 1578 (11th Cir.1986); *United States v. Larson*, 796 F.2d 244, 246 (8th Cir.1986); *United States v. Anzalone*, 766 F.2d 676, 683 (1st Cir.1985); *United States v. Irwin*, 654 F.2d. 671, 678-79 (10th Cir.1981), cert. denied, 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982). The jury in this case was not instructed on this essential element or any other element of concealment.

The indictment, evidence at trial and the prosecution's own closing argument establish that the conviction for Count V concerned not placing the February 27, 2003 test result in the report for February 2003. That is concealment and not false reporting. *See Murphy, supra; Curran, supra.* The jury not receiving any instruction on concealment presents a substantial issue. Noticeably, the prosecution does not point to any circuit authority in which a conviction for concealment under § 1001 was upheld when the jury was not instructed on the elements of concealment. Thus, whether the jury had to be instructed on the elements of concealment presents a substantial issue on appeal.

The jurisdictional element presented in this case is intermeshed with questions going to the merits, and accordingly the issue was one for the jury and not the court. *See United States v. Gomez*, 87 F.3d 1093, 1096 - 1097 (9th Cir. 1996). Indeed, this court apparently recognized this fact when in denying Babauta's motion to compel discovery concerning the jurisdictional issue, i.e. delegation of authority from the EPA to DEQ, this court ruled that it was a matter Babauta was free to raise at trial. *United States v. Babauta*, Order Denying Motion to Dismiss Count 1, Denying a Bill of Particulars and Denying Discovery, at 3 (D. N. M. I. Sept. 17, 2004). Babauta did not have the chance to raise or contest the jurisdictional element at trial as the court ruled on the jurisdictional element as a

Page 4 of 5

matter of law.

Lastly, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005) created uncertainty in federal sentencing. For instance, *Booker* does not provide any precise guidance on the factual basis and justification required for sentencing a defendant greater than the term recommended in the advisory guidelines. This uncertainty, alone, warrants Babauta's release pending appeal.

## CONCLUSION

Babauta has substantial issues on appeal and therefore should be released pending appeal.

Law Office of G. Anthony Long

G. Anthony Long