FILED
Clerk
District Court

JAN -6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 04-00009 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER DENYING |
| ) | MOTION FOR RELEASE |
| PEDRO Q. BABAUTA, also ) | PENDING APPEAL |
| known as "Pete," ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

THIS MATTER came before the court on Thursday, January 5, 2006, for hearing of defendant's motion for release pending appeal. Plaintiff appeared by and through its attorney, Assistant U.S. Attorney Timothy E. Moran; defendant appeared by and through his attorney, G. Anthony Long.

THE COURT, having considered the written and oral argument of counsel, denies the motion for release pending appeal because defendant has not shown a substantial question of law or fact.

The standard for release pending appeal is found in 18 U.S.C. § 3143(b). Generally, a defendant who has been convicted is to be detained unless the court finds by clear and convincing evidence (1) that he is not likely to flee or pose a danger to the community; and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a new sentence that does not include imprisonment, or a reduced term of imprisonment that might be served before the appeal is decided. *See also* <u>United States v. Handy</u>, 761 F.2d 1279, 1283 (9th Cir. 1985).

Plaintiff concedes that defendant does not presently pose a danger to the community, is not a flight risk, and that the appeal is not for purposes of delay. The only issue is whether or not defendant has raised a substantial question of law or fact.

Defendant makes three arguments in support of his motion for release pending appeal. The first is that he is entitled to a new trial on count 5 because the jury was not instructed on an essential element of the charge, *i.e.* that defendant had a duty to report test results (and violated this duty by concealing the test results and not reporting them at all, as opposed to including falsified data in the submitted reports). Defendant requested a jury instruction that stated he had a duty to report such

2

information. The second argument is that defendant is entitled to a new trial on both counts 4 and 5 because the court ruled as a matter of law (rather than letting the jury decide) that the U.S. Environmental Protection Agency ("EPA") had granted primary enforcement authority to the Commonwealth Division of Environmental Quality ("DEQ"), such that, legally, DEQ "stood in the shoes" of the EPA. Defendant argues that the court's ruling "effectively took away from the jury the determination of the essential jurisdictional element the government had the burden of proving beyond a reasonable doubt." Defendant's Motion at p. 6, lines 2-5 (Dec. 5, 2005). Finally, defendant argues that his one-year sentence is not reasonable.

Defendant has previously argued that the court should have given a jury instruction on concealment and duty. In the court's order of September 1, 2005, the argument was rejected:

> The Court did not improperly instruct the jury. Just because the government produced some evidence that may have supported an instruction on concealment does not mean that the government must pursue that theory. Instead the government requested a false statement instruction and was granted it by the Court since it produced sufficient evidence for a rational jury to find defendant guilty on Count Five. Defendant is not entitled to a new trial on Count Five because of [the alleged] improper instruction.

Defendant's argument is that because some evidence of concealment was included in the evidence plaintiff introduced about the false statements,[1] the charge

---

[1] "[T]e evidence and the prosecution's theory concerning the report for

transmogrified into one for concealment and not false statement, for which defendant was entitled to an instruction about his duty, if any, in regard to filing the test reports. The prosecution was entitled to an instruction consistent with its theory of the case; the elements of proof did not change or multiply simply because evidence that may have showed concealment was also introduced as part of the evidence of false statements.

Defendant next asserts that the court erred when it ruled as a matter of law that the EPA's grant of primary authority under the Safe Drinking Water Act to the Commonwealth Division of Environmental Quality ("DEQ") left DEQ "standing in the shoes" of the EPA. Defendant argues that the jury should have made this finding as a matter of fact. The court ruled, based on federal law, the Federal Register, the Commonwealth Register, and previous legal actions in this court, that the Commonwealth DEQ "stands in the shoes of the EPA" as a matter of law, and that submitting the documents to DEQ was legally the same as submitting them directly to the EPA. Because the question presented to the court was strictly one of law and was not an issue for a fact-finder, it was properly decided by the court, and not the jury.

---

February, 2003, concerned concealment or omission, Count Five involves concealment." Defendant's Motion at p. 5, lines 2-4. (Dec. 5, 2005).

AO 72
(Rev. 8/82)

Finally, defendant challenges the reasonableness of his one-year sentence after Booker. Defendant argues that the guidelines "advised" a term of six months' imprisonment and that the reasons given by the court for imposing a one-year were subsumed in the guidelines' recommendation of six months. Plaintiff responds that the guidelines are now simply advisory, that the sentence was well within the 10-year maximum provided by law, and that the court again has broad discretion to impose any sentence within the statutory maximum term. The court cannot discern any substantial question of law concerning the exercise of its reasoned discretion to impose sentence and the court's reasons for departing from the advisory guidelines were stated on the record at sentencing.

FOR THE FOREGOING REASONS, defendant's motion for release pending appeal is denied.

IT IS SO ORDERED.

DATED this 6th day of January, 2006.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge