# United States District Court
## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

JAN 23 2006

For The Northern Mariana Islands
_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | FRAP RULE 9 APPEAL |
| Plaintiff, ) | **NOTICE OF APPEAL** |
| ) | |
| -v- ) | D.C. DOCKET NUMBER: 04-00009 |
| Pedro Q. Babauta ) | |
| _____, ) | Alex R. Munson |
| Defendant, ) | (District Court Judge) |

Notice is hereby given that ___Pedro Q. Babauta___ appeals to the United States Court of Appeals for the Ninth Circuit from the:

☐ Conviction only (Fed. R. Crim P. 32(b)

    ☐ Conviction and sentence

    ☐ Sentence only (18 U.S.C. Sec. 3742)

    ☒ Order (specify) ___Denying release pending appeal___

_____ entered on this action on ___January 6, 2006___.
                                                               (date)

Sentence imposed: ___Two one year sentences to run concurrently___

Bail status: ___Babauta is currently serving his one year sentence___

                                                    G. Anthony Long
                                               (Counsel for Appellant)

Date: ___January 23, 2006___     Address: ___P.O. Box 504970___
                                                          ___2nd Floor Lim's Building___
                                                          ___San Jose, Saipan, MP 96950___

Phone number: ___(670) 235-4802___     Fax number: ___(670) 235-4801___

Name of Court Reporter: _____

Transcript required:     Yes ☐     No ☒
                              If "Yes", date ordered or to be ordered_____(including arrangements for payment with court reporter)

[If transcript required, complete Transcript Order Form CA9-036, contact court reporter immediately to make arrangements for transcription].
[CA9-88-1NOA]

**FAX-IN**

1/6/06

FILED
Clerk
District Court

JAN -6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal No. 04-00009 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER DENYING |
| ) | MOTION FOR RELEASE |
| PEDRO Q. BABAUTA, also ) | PENDING APPEAL |
| known as "Pete," ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

THIS MATTER came before the court on Thursday, January 5, 2006, for hearing of defendant's motion for release pending appeal. Plaintiff appeared by and through its attorney, Assistant U.S. Attorney Timothy E. Moran; defendant appeared by and through his attorney, G. Anthony Long.

AO 72
(Rev. 8/82)

THE COURT, having considered the written and oral argument of counsel, denies the motion for release pending appeal because defendant has not shown a substantial question of law or fact.

The standard for release pending appeal is found in 18 U.S.C. § 3143(b). Generally, a defendant who has been convicted is to be detained unless the court finds by clear and convincing evidence (1) that he is not likely to flee or pose a danger to the community; and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a new sentence that does not include imprisonment, or a reduced term of imprisonment that might be served before the appeal is decided. *See also* United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985).

Plaintiff concedes that defendant does not presently pose a danger to the community, is not a flight risk, and that the appeal is not for purposes of delay. The only issue is whether or not defendant has raised a substantial question of law or fact.

Defendant makes three arguments in support of his motion for release pending appeal. The first is that he is entitled to a new trial on count 5 because the jury was not instructed on an essential element of the charge, *i.e.* that defendant had a duty to report test results (and violated this duty by concealing the test results and not reporting them at all, as opposed to including falsified data in the submitted reports). Defendant requested a jury instruction that stated he had a duty to report such

AO 72
(Rev. 8/82)

information. The second argument is that defendant is entitled to a new trial on both counts 4 and 5 because the court ruled as a matter of law (rather than letting the jury decide) that the U.S. Environmental Protection Agency ("EPA") had granted primary enforcement authority to the Commonwealth Division of Environmental Quality ("DEQ"), such that, legally, DEQ "stood in the shoes" of the EPA. Defendant argues that the court's ruling "effectively took away from the jury the determination of the essential jurisdictional element the government had the burden of proving beyond a reasonable doubt." Defendant's Motion at p. 6, lines 2-5 (Dec. 5, 2005). Finally, defendant argues that his one-year sentence is not reasonable.

Defendant has previously argued that the court should have given a jury instruction on concealment and duty. In the court's order of September 1, 2005, the argument was rejected:

> The Court did not improperly instruct the jury. Just because the government produced some evidence that may have supported an instruction on concealment does not mean that the government must pursue that theory. Instead the government requested a false statement instruction and was granted it by the Court since it produced sufficient evidence for a rational jury to find defendant guilty on Count Five. Defendant is not entitled to a new trial on Count Five because of [the alleged] improper instruction.

Defendant's argument is that because some evidence of concealment was included in the evidence plaintiff introduced about the false statements,[1] the charge

---

[1] "[T]e evidence and the prosecution's theory concerning the report for

3

transmogrified into one for concealment and not false statement, for which defendant was entitled to an instruction about his duty, if any, in regard to filing the test reports. The prosecution was entitled to an instruction consistent with its theory of the case; the elements of proof did not change or multiply simply because evidence that may have showed concealment was also introduced as part of the evidence of false statements.

Defendant next asserts that the court erred when it ruled as a matter of law that the EPA's grant of primary authority under the Safe Drinking Water Act to the Commonwealth Division of Environmental Quality ("DEQ") left DEQ "standing in the shoes" of the EPA. Defendant argues that the jury should have made this finding as a matter of fact. The court ruled, based on federal law, the Federal Register, the Commonwealth Register, and previous legal actions in this court, that the Commonwealth DEQ "stands in the shoes of the EPA" as a matter of law, and that submitting the documents to DEQ was legally the same as submitting them directly to the EPA. Because the question presented to the court was strictly one of law and was not an issue for a fact-finder, it was properly decided by the court, and not the jury.

---

February, 2003, concerned concealment or omission, Count Five involves concealment." Defendant's Motion at p. 5, lines 2-4. (Dec. 5, 2005).

4

AO 72
(Rev. 8/82)

Finally, defendant challenges the reasonableness of his one-year sentence after Booker. Defendant argues that the guidelines "advised" a term of six months' imprisonment and that the reasons given by the court for imposing a one-year were subsumed in the guidelines' recommendation of six months. Plaintiff responds that the guidelines are now simply advisory, that the sentence was well within the 10-year maximum provided by law, and that the court again has broad discretion to impose any sentence within the statutory maximum term. The court cannot discern any substantial question of law concerning the exercise of its reasoned discretion to impose sentence and the court's reasons for departing from the advisory guidelines were stated on the record at sentencing.

FOR THE FOREGOING REASONS, defendant's motion for release pending appeal is denied.

IT IS SO ORDERED.

DATED this 6th day of January, 2006.

_____
ALEX R. MUNSON
Judge

5

AO 72
(Rev. 8/82)

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

COPY of
Original Filed
on this date

# United States District Court

District of the Northern Mariana Islands

UNITED STATES OF AMERICA
V.
PEDRO Q. BABAUTA

JUDGMENT IN A CRIMINAL CASE

Case Number: **CR-04-00009-001**

USM Number: **00458-005**

G. Anthony Long, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   **Counts IV and V**
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1001,2 | False Documents | 03/06/2003 | IV & V |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   II and III

☑ Count(s)   I   ☑ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

09/20/2005
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Honorable, Alex R. Munson, Chief Judge
Name and Title of Judge

September 21 2005
Date

A TRUE COPY
Certified this 21st day of Sept. 2005
_[signature]_
(Deputy Clerk)

AO 245B (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  2  of  5

DEFENDANT: **PEDRO Q. BABAUTA**
CASE NUMBER: **CR-04-00009-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **twelve months for each of Counts IV and V, to be served concurrently.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☑ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT: **PEDRO Q. BABAUTA**
CASE NUMBER: **CR-04-00009-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **36 Months.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page __3.1__ of __5__

DEFENDANT: **PEDRO Q. BABAUTA**
CASE NUMBER: **CR-04-00009-001**

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local offense;

2. The defendant shall not unlawfully possess a controlled substance and the mandatory drug tests are suspended based on the court's determination that the defendant poses a low risk of substance abuse;

3. The defendant shall submit to the collection of a DNA sample at the direction of the U.S. Probation Office;

4. The defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission and codified under 18 U.S.C. § 3583;

5. The defendant shall not possess a firearm or other dangerous weapon or have such weapons at his residence;

6.  The defendant shall provide the probation officer access to any requested financial information, and;

6. The defendant shall complete 200 hours of community service under the direction of the U.S. Probation Office.

AO 245B　　(Rev. 12/03) Judgment in a Criminal Case
　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __5__

DEFENDANT: **PEDRO Q. BABAUTA**
CASE NUMBER: **CR-04-00009-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 5,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**　　　　$　　　0.00　　　$　　　0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments

Judgment — Page   5   of   5

DEFENDANT:       PEDRO Q. BABAUTA
CASE NUMBER:    CR-04-00009-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☑ Lump sum payment of $ __5,200.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

   The $5000 fine is to be paid within one week of the sentencing date. Further, the defendant shall pay for the costs of his incarceration and his supervision after release from imprisonment. At the time of this sentencing the monthly cost of imprisonment is suggested at $1,933.80 and the monthly cost for supervision is suggested at $287.73.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.