**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
JUN 7 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FILED
Clerk
District Court
DEC 1 2 2006
For The Northern Mariana Islands
By_____
(Deputy Clerk)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> PEDRO Q. BABAUTA, <br><br> Defendant - Appellant. | No. 05-10645 <br><br> D.C. No. CR-04-00009-AR <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Argued and Submitted May 17, 2006
San Francisco, California

Before:  KOZINSKI and FISHER, Circuit Judges, and BLOCK, Senior District Judge.**

Defendant-Appellant Pedro Q. Babauta was convicted on two counts of making false statements in a matter within the jurisdiction of a federal agency, in

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

** The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

1

violation of 18 U.S.C. § 1001. He argues that, with regard to each count, the district court failed to submit one of the elements of the offense to the jury. We agree, and reverse and remand for the entry of a judgment of acquittal on both counts.

The Government was required to prove, *inter alia*, that the monthly reports submitted to DEQ, an agency of the CNMI, were "matter[s] within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States." 18 U.S.C. § 1001(a); *see United States v. Camper*, 384 F.3d 1073, 1075 (9th Cir. 2004) (listing "agency jurisdiction" as an element of the offense defined by § 1001). By instructing the jury that "the [monthly reports to DEQ] were within the jurisdiction of the United States Environmental Protection Agency," the district court resolved the agency jurisdiction element as a matter of law.

This was error. *See United States v. Gaudin*, 515 U.S. 506, 510 (1995) ("[The Fifth and Sixth Amendments] require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."). It would not have been inappropriate for the court to instruct the jury on the legal elements of the offense – namely, that the EPA is part of the executive branch of the federal

2

government, and that its jurisdiction includes the establishment and enforcement of safe drinking-water standards, see 42 U.S.C. §§ 300g-1, 300g-3; however, the court's instruction improperly took from the jury the factual aspects of the element. See Gaudin, 515 U.S. at 513 ("In criminal cases, as in civil, . . . the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions . . . . But [that] in no way undermine[s] the historical and constitutionally guaranteed right of criminal defendants to demand that the jury decide guilt or innocence on every issue, which includes application of the law to the facts." (citation omitted)); cf. United States v. Smith, 282 F.3d 758, 767 (9th Cir. 2002) ("The 'jurisdictional issue' – whether the United States has jurisdiction over the waters where a vessel is allegedly intercepted – can and should be decided by the trial court as a preliminary question of law. The 'factual issue' – whether the vessel was actually intercepted in those waters – is a wholly different matter, one that must be decided by the jury.").

There was, moreover, insufficient evidence of one factual aspect of agency jurisdiction. Because the monthly reports were not submitted directly to the EPA, the Government was required to demonstrate a "direct relationship . . . between the false statement and an authorized function of a federal agency or department." United States v. Facchini, 874 F.2d 638, 641 (9th Cir. 1989) (en

3

banc). Pursuant to its statutory mandate, the EPA requires public water systems to submit monthly reports concerning compliance with its safe drinking-water standards to authorized state (or, in this case, territorial) agencies. *See* 40 C.F.R. § 141.31. However, for a state agency to be authorized to receive those reports, it must have "primary enforcement responsibility." 42 U.S.C. § 300g-2. By statute, obtaining such responsibility requires a determination by the EPA that the state agency has satisfied certain specified criteria. *See id.*

The EPA determined that DEQ satisfied the requisite criteria and published notice of that determination in the Federal Register on November 4, 1982. *See* 47 Fed. Reg. 50,105 (Nov. 4, 1982). However, the effective date of the determination was, by its own terms, conditional: "If no timely and appropriate request for a hearing is received and the Regional Administrator does not elect to hold a hearing on his own motion, this determination shall become effective thirty (30) days after issuance of this initial notice." *Id.*

The Government offered no evidence that the EPA's determination took effect as contemplated in the notice. As a result, there was insufficient evidence that DEQ was authorized by EPA to receive the monthly reports at issue. In the face of insufficient evidence of agency jurisdiction, we must reverse and remand for the entry of a judgment of acquittal. *See Burks v. United States*, 437

U.S. 1, 18 (1978) ("[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ."); *United States v. Bibbero*, 749 F.2d 581, 586 (9th Cir. 1984) ("An appellate reversal of a conviction on the basis of insufficiency of the evidence has the same effect as a judgment of acquittal: the Double Jeopardy Clause precludes retrial.").

In light of the foregoing, we need not address Babauta's remaining arguments.

**REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT OF ACQUITTAL ON ALL COUNTS.**

5

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
DEC 0 4 2006
by: *[signature]*
Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
05-10645 USA v. Babauta

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Todd S. Aagaard, Esq.<br>FAX 202/353-1873<br>202/514-2753<br>[COR LD NTC gov]<br>DOJ - U.S. DEPARTMENT OF JUSTICE<br>Environment & Natural Resources Division<br>P.O. Box 23795, L'Enfant Plaza Station<br>Washington, DC 20026-3795 |
| v. | |
| PEDRO Q. BABAUTA<br>    Defendant - Appellant | George Anthony Long, Esq.<br>FAX 670/235-4801<br>670/235-4802<br>[COR LD NTC ret]<br>Law Office of G. Anthony Long<br>P.O. Box 504970, Beach Rd.<br>Saipan, MP 96950 |